UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------
DENNIS BROWN,

                                                Plaintiff,

    -v.-                                                                         9:06-CV-0321
                                                                                           (TJM)(DEP)

GLENN GOORD, Commissioner,

                                                Defendant.
-----------------------------------------------------------------------------

APPEARANCES:

DENNIS BROWN
94-B-0694
Plaintiff, *pro se*

THOMAS J. McAVOY, SENIOR JUDGE

## DECISION and ORDER

Presently before the Court is an amended complaint filed by plaintiff Dennis Brown. Dkt. No. 23. This amended complaint was submitted by plaintiff in compliance with the Order issued by this Court on June 9, 2006 ("June Order"). Dkt. No. 9. For the reasons discussed below, the Court finds that the amended complaint fails to state a claim upon which relief may be granted and, therefore, dismisses this action.

The June Order advised plaintiff that certain defendants were immune from liability under 42 U.S.C. § 1983. Dkt. No. 9 at 3. Accordingly, defendants Judge Donald Mall and the People of the State of New York were dismissed as defendants in this action. *Id.* at 4-5. The June Order also advised plaintiff that court-appointed defense counsel do not act "under color of state law" and are not subject to suit under § 1983. *Id.* at 4. Plaintiff was also advised that he must allege personal involvement on the part of defendant

Commissioner Glenn Goord.  *Id.* at 5.

A review of plaintiff's amended complaint reveals that it fails to comply with the June Order.  While the amended complaint is not a model of clarity, plaintiff appears to assert a false imprisonment claim against Judge Donald Mall despite the fact that this defendant was dismissed from this action in the June Order.  Dkt. No. 23 at 8.  Plaintiff also appears to allege wrongdoing on the part of his defense attorneys, Donald Thompson and Alex Reuzi.  *Id.*  Reuzi was previously dismissed as a defendant in this action because court-appointed defense attorneys are not subject to suit under § 1983.  Dkt. No. 9 at 4.  Plaintiff's claims against Donald Thompson are dismissed for the same reason.

Plaintiff again fails to assert any allegations of personal involvement as to defendant Glenn Goord.  Indeed, while Goord is listed in the caption, no allegations have been asserted against him in plaintiff's amended complaint.

Finally, the Court notes that plaintiff did not sign his amended complaint.  *See Id.*  Rule 11 of the Federal Rules of Civil Procedure stipulates that every pleading, written motion, and other paper, if the party is not represented by an attorney, must be signed by the party.  *See* Fed. R. Civ. P. 11(a).

In light of the foregoing and for the reasons set forth in the June Order, the Court finds that plaintiff's amended complaint fails to state a claim upon which relief may be granted.  The Court hereby dismisses this action.

WHEREFORE, it is hereby

ORDERED, that this action is **dismissed** without prejudice due to plaintiff's failure to file an amended complaint which states a claim upon which relief may be granted, and it

2

is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated: November 9, 2006

_____
Thomas J. McAvoy
Senior, U.S. District Judge